IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE EFRAIN SIERRA-ARRONA, | § § § | |
| Petitioner, | § | |
| v. | § § | CRIMINAL NO. H-10CR00636-001 |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

MEMORANDUM AND ORDER ON DISMISSAL

Pending before the Court is a letter motion filed by the defendant, Jose Efrain Sierra-Arrona, complaining that prison officials have incorrectly calculated his sentence by denying him credit for pretrial detention. (Document 30). The government has filed a Response and Motion to Dismiss. (Document 31). The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review and application of governing legal authorities, the Court will dismiss Sierra-Arrona's motion for want of jurisdiction.

I. BACKGROUND

In September 2010, a federal grand jury in this district returned an indictment against Sierra-Arrona for illegal reentry into the United States by a previously deported alien after a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). (Document 1). On October 29, 2010, Sierra-Arrona entered a guilty plea to the charge. (Document 28). In a judgment entered on March 2, 2011, the Court sentenced Sierra-Arrona to serve 27 months in federal prison, followed by a three-year term of supervised

release. (Id.).

Sierra-Arrona does not challenge the validity of his guilty plea or his federal sentence here. Instead, Sierra-Arrona seeks relief from the calculation of his term of confinement by the Bureau of Prisons. Specifically, Sierra-Arrona argues that he is entitled to credit for 182 days of "pre-trial detention" for the time he spent in state custody on a federal detainer and for the 27 days that he was detained by the Bureau Immigration and Customs Enforcement awaiting trial.[1] (Document 30).

The government contends that this Court is without jurisdiction to grant the requested relief because Sierra-Arrona is not incarcerated within the Southern District of Texas, Houston Division. (Document 31).

II. DISCUSSION

Because Sierra-Arrona contends that he is entitled to a speedier release, his motion is construed as a petition governed by the federal habeas corpus statutes. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) (explaining that the function of habeas corpus is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. See Jeffers v. Chandler, 253 F.3d

---

1 The Sentence Monitor Computation Data document attached to Sierra-Arrona's motion shows that Sierra-Arrona was given 163 days of credit from September 15, 2010 to February 24, 2011. (Document 30). His sentence computation date began on February 25, 2011. His projected statutory release date is August 29, 2012. (Id.).

2

827, 830 (5th Cir. 2001) (comparing collateral attacks upon a conviction or sentence based on errors at trial or sentencing, which are governed by 28 U.S.C. § 2255, with habeas corpus petitions challenging the manner in which a sentence is executed, which are governed by 28 U.S.C. § 2241). "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

A habeas petition that "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration" must be "filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Therefore, a person wishing to challenge the propriety of his detention under § 2241 must file his habeas corpus petition in the federal district in which he is physically present. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001) (emphasizing that "the district of incarceration is the only district that has jurisdiction to entertain [an applicant's] § 2241 petition").

The government notes that Sierra-Arrona is currently in custody at the Federal Correctional Institution La Tuna in Anthony, Texas, which lies within the jurisdiction of the Western District of Texas, El Paso Division. The pleadings reflect that Sierra-Arrona was incarcerated at the Federal Correctional Institution La Tuna when he filed the present habeas petition. (Document 30). Because Sierra-Arrona is incarcerated in a district where this

court does not have the "authority to direct the actions of the restraining authority," this Court is without jurisdiction to address the issues presented by Sierra-Arrona. *See* Lee, 244 F.3d at 374. Consequently, Sierra-Arrona cannot maintain this federal habeas action in this Court, but must pursue such a challenge in the district of his confinement, which is currently the United States District Court for the Western District of Texas, El Paso Division.

III. CONCLUSION

Because this Court is without jurisdiction to entertain Sierra-Arrona's challenge to his current confinement pursuant to 28 U.S.C. §2241, the Court ORDERS the following:

1. The United States' Motion to Dismiss (Document 31) is GRANTED;

2. Petitioner Jose Efrain Sierra-Arrona's Motion for Reconsideration of Judgment (Document 30) is DENIED;

3. The pending petition is DISMISSED, with prejudice for this Court's lack of jurisdiction and without prejudice in all other respects.

Signed at Houston, Texas, on March 15, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4